IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KARONN L. SKINNER,

    Plaintiff,

v.                                                          CASE NO. 5:11-cv-36-RS-GRJ

WARDEN WHITEHURST, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated in the custody of the Florida Department of Corrections ("FDOC") at North West Florida Reception Center in Chipley, Florida, is proceeding *pro se* pursuant to an Second Amended Complaint, which he filed on the Court's civil rights complaint form pursuant to 42 U.S.C. § 1983 for use by prisoners.[1] (Doc. 8.) For the reasons discussed below, it is **RECOMMENDED** Plaintiff's Second Amended Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

### I. BACKGROUND AND FACTS

In the Second Amended Complaint Plaintiff names as defendants Warden Whitehurst, Assistant Warden Kelly, Classification Supervisor Carrol, and Classification Officer Merrill, all of whom are employed by the FDOC at North West Florida Reception Center. The Second Amended Complaint is concerned with the suspension of

---

[1] Plaintiff filed a First Amended Complaint (Doc. 5), which contained an "Amended" notation without any indication it is the First Amended Complaint. The Second Amended Complaint contains a similar "Amended" designation without any designation that it is the Second Amended Complaint. (Doc. 8.) For ease of reference the Court will refer to Doc. 8 as the Second Amended Complaint to distinguish it from Doc. 5.

Plaintiff's visitation rights and what he considers to be the erroneous denial of his gain time for several months in 2010.  Plaintiff's visitation rights were suspended on October 5, 2009.  Plaintiff then filed several informal and formal grievances in July, August and September of 2010 asking for the restoration of his visitation rights and questioning why he was not awarded gain time for certain of those months.

After Plaintiff submitted one of the grievances, he allegedly was told by his classification officer, Defendant Merrill, that Merrill would make Plaintiff's life a "living hell."  (Doc. 8 at 9.)  Several days later, according to Plaintiff, Merrill filed a disciplinary report against Plaintiff in reprisal for Plaintiff's grieving the issues of his gain time and his visitation rights.  This and other false disciplinary reports were then used later against Plaintiff to further deny him gain time based on the lack of good behavior reflected in the allegedly false disciplinary reports.  Plaintiff alleges his federal constitutional rights were violated in connection with these events and requests compensatory and punitive damages for his mental anguish and transfer to another institution.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.

Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (Twombly "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by Iqbal).

### III. DISCUSSION

In his Second Amended Complaint, Plaintiff includes four counts, which he refers to as negligence, deliberate indifference, abuse of authority through systematic corruption and due process of using grievance procedures. A fair reading of the Second Amended Complaint reflects, however, the gist of Plaintiff's claim relates to a series of purportedly false disciplinary reports filed against him by his classification

officer, Defendant J. Merrill.  Plaintiff asserts his classification officer filed these false reports in response to Plaintiff's filing of formal and informal grievances regarding his gain time and his visitation rights.  Accordingly, applying a liberal construction of the Second Amended Complaint the Court will construe Plaintiff's claim as a Fourteenth Amendment due process claim.

With regard to the falsified disciplinary reports Plaintiff alleges were filed by his classification officer, federal courts do not operate as appellate courts for prison disciplinary actions.  "[A]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process."  O'Bryant v. Finch, 637 F.2d 1207, 1215 (11th Cir. 2011).  The only claims viable in this Court concerning a disciplinary report are claims asserting procedural violations, such as the denial of witnesses or evidence or the failure by the prison to give the inmate advance, written notice of the disciplinary charge, or an impartial hearing board.  Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999), *citing* Young v. Jones, 37 F.3d 1457 (11th Cir. 1994).  The degree of proof required at a prison disciplinary hearing is significantly lower than that required in a criminal prosecution, and a decision need only be supported by "some evidence." See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455-56 (1985)(federal courts will not re-weigh the evidence, assess the credibility of the witnesses, or otherwise make a *de novo* review of the proceedings); see also Young, supra at 1460 (federal courts do not conduct *de novo* review of disciplinary team's fact finding).

Plaintiff alleges Defendant Merrill made comments to Plaintiff suggesting Merrill, (Plaintiff's classification officer), would file false disciplinary reports against Plaintiff in reprisal for Plaintiff's filing of grievances.  Plaintiff does not include any allegations related to the disciplinary process conducted as a result of the disciplinary report(s) Merrill wrote in reprisal against Plaintiff.  Nor does Plaintiff allege any procedural defects in that disciplinary process.  As such, there are no facts alleged, even liberally construed, supporting a claim that Plaintiff's due process rights under the Fourteenth Amendment were violated. Accordingly, Plainitff's Second Amended Complaint fails to state a claim and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff also is not entitled to the relief requested in the Second Amended Complaint.  Prisoners have no constitutional right to remain in, or be transferred to, a particular institution.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976)("Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system."); Montayne v. Haymes, 427 U.S. 236, 242-43 (1976)(Due Process Clause did not protect prisoner from transfer by prison officials).  In Florida, the FDOC has the discretion to transfer inmates from one institution to another "as circumstances may require."  FLA. STAT. ANN. § 944.17 (7).  The Court therefor cannot grant Plaintiff the relief requested because the decision to transfer a prisoner from one institution to another is a decision within the discretion of the FDOC.

Plaintiff also seeks compensatory and punitive damages for mental anguish.  Plaintiff, however, has not alleged any particular physical injuries suffered as a result of the Defendants' actions.  The Prison Litigation Reform Act provides that "[n]o Federal

civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  A plaintiff may, however, recover nominal damages in the absence of a physical injury in the limited circumstance where the prisoner successfully can establish a violation of a fundamental constitutional right. Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003).  As discussed above Plaintiff has not established a violation of any of his constitutional rights and, accordingly, Plaintiff cannot recover nominal damages for any of the clams asserted in the Second Amended Complaint.

## IV.  RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Second Amended Complaint should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

**IN CHAMBERS** in Gainesville, Florida this 3rd  day of October, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 5:11-cv-36-RS-GRJ*